UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEFFANIE DYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 25-2299 (UNA) |
| | ) |
| VIRGINIA M. KENDALL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on consideration of Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court grants the application and, for the reasons discussed below, dismisses the complaint and this civil action without prejudice.

Plaintiff is the subject of a barring order. Due to her vexatious litigation, the Executive Committee of the United States District Court for the Northern District of Illinois issued an Order which, among other things, enjoins Plaintiff from filing a new civil action in that district without first obtaining leave of Court. *See generally* Compl., Ex. (ECF No. 1-1 at 35-37, Executive Committee Order, *In re Dyson*, No. 24-cv-11636 (N.D. Ill. Nov. 14, 2024)). Plaintiff posits that Judge Kendall, who signed the Executive Committee Order, "acted outside her judicial function [by] issuing retaliatory orders in matters she was not assigned, reinstating and dismissing Plaintiff's case without notice, and participating in conspiracies to obstruct Plaintiff's access to courts." Compl. at 8. According to Plaintiff, Judge Kendall "is . . . threatening to dismiss all ongoing claims of Plaintiff . . . unless [Plaintiff] complied with the unconstitutional

1

Executive Committee order." *Id*.  Plaintiff deems this conduct "outside the scope of her judicial authority[.]" *Id*.

In addition, Plaintiff alleges that Judge Tostrud, to whom her action in the United States District Court for the District of Minnesota was assigned, violated her constitutional rights by dismissing claims against Minnesota defendants as frivolous and transferring the remainder of the case to the Northern District of Illinois.  *See id*. at 9, 13; *see also id*., Ex. (ECF No. 1-1 at 17-21, Order, *Dyson v. Illinois Dep't of Children Family Servs.*, No. 25-cv-0141 (D. Minn. June 25, 2025)).  She thus allegedly is "denied meaningful access to the courts across both Illinois and Minnesota districts, in clear violation of her First, Fifth and Fourteenth Amendment rights."  *Id*. at 10.

Plaintiff purports to bring this civil rights action *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Judges Kendall and Tostrud in their individual capacities and against the Executive Committee of the United States District Court for the Northern District of Illinois.  *See* Compl. at 7.  Although she claims not to "seek relief against any Defendant in their official capacity or seek to challenge judicial decisions on the merits," *id*., this is precisely what she does.

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]"  *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967).  Here, accepting Plaintiff's allegations as true, the judges were acting in their judicial capacities in managing the cases before them, even if Plaintiff objects to their rulings.  Thus, Defendants are entitled to absolute judicial immunity from suit.  *See Mirales v. Waco*, 502 U.S. 9, 11 (1991) (holding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Stump v. Sparkman*, 435 U.S. 349, 364

(1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"); *Fuller v. Mott*, No. 14-cv-711, 2014 WL 1688038, at *1 (D.D.C. Apr. 23, 2014) (dismissing claim for damages against Superior Court judge because he enjoys absolute immunity).

Further, to the extent Plaintiff asks this Court to relieve her of her obligations under the Executive Committee Order, this Court lacks jurisdiction. As a general rule applicable here, a federal district court lacks jurisdiction to review the decisions of other courts. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C.1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. July 27, 1994), *cert. denied*, 513 U.S. 1150 (1995) (noting that "[b]y filing a complaint in this Court against . . . judges who have done nothing more than their duty . . . Fleming has instituted a meritless action") (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)).

A separate order will issue.

DATE: July 31, 2025                   /s/
                                      TIMOTHY J. KELLY
                                      United States District Judge